1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

STEPHEN C. SIMMONS,

                    Plaintiff,

        v.

ROBIN ARNOLD-WILLIAMS; KEVIN
KRUEGER;  and STAN MARSHBURN,

                    Defendants.

CASE NO. C13-6023 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
DISMISS AND GRANTING
PLAINTIFF LEAVE TO AMEND

14

15

16

17

18

19

20

21

22

        This matter comes before the Court on Defendants Robin Arnold-Williams

("Arnold-Williams"), Kevin Krueger ("Krueger"), and Stan Marshburn's ("Marshburn")

(collectively, "Defendants") motion to dismiss (Dkt. 8). The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby grants the motion in part and denies it in part and grants Plaintiff Stephen C.

Simmons ("Plaintiff") leave to amend for the reasons stated herein.

# I. PROCEDURAL HISTORY

**A.     State Case**

On February 17, 2012, Plaintiff filed a lawsuit against Defendant Washington State Department of Social and Health Services ("DSHS") in Thurston County Superior Court, alleging violations of RCW 46.60, *et seq.*  Dkt. 9-1.  Specifically, he alleged (1) hostile work environment, (2) retaliation, (3) discriminatory impact, and (4) disparate treatment.  Dkt. 9-1 at 23–24; Dkt. 9-2 at 87 (the state court finding that it believed that these were Plaintiff's claims).  His claims were based on denial of proper raises and denial of annual performance reviews while employed with DSHS.  *Id.*

On September 20, 2013, DSHS filed for summary judgment on all claims, arguing that: statute of limitations bars all claims arising out of events before December 19, 2008; Plaintiff failed to make a prima facie showing of hostile work environment; there was no prima facie disparate treatment based on race because Plaintiff did not identify a valid comparator or any employer adverse action, and was not treated differently; Plaintiff cannot identify an objective policy or practice impacting racial minorities; and Plaintiff does not allege an adverse employer action in his retaliation claim.  Dkt. 9-1 at 34.

On November 15, 2013, the state court heard arguments on DSHS's motion for summary judgment motion and made an oral ruling.  Dkt. 9-2 at 86–115.  With regard to the first claim, the court found that the applicable statute of limitations barred any hostile work environment claims based on events prior to September 2008.  *Id.* at 94.  In addition, the court dismissed Plaintiff's claims based on allegedly discriminatory comments he learned of secondhand through his job duties as deficient.  *Id.* at 95.  The

1    court also found that more recent comments and events were too "casual, isolated, or

2    trivial…to be considered a violation of the law," noting that the comments may not even

3    be racially motivated.  *Id.* at 95.  With regard to the second claim, the court found there

4    were issues of fact as to whether Plaintiff's 2008 complaint to his employer was a

5    "protected activity," and whether the non-discriminatory explanation was pretextual.  *Id.*

6    at 103.  With regard to the third claim, the court found that any disparate impact claim

7    was dismissed for failure to identify a facially neutral employment policy that has a

8    discriminatory impact on a protected class.  *Id.* at 90.  With regard to the fourth claim,

9    the court found that Plaintiff had not shown that the six comparators that he offered were

10   sufficiently similar in terms of job duties, skills, and education.  *Id.* at 99.  The court

11   found that Plaintiff had also only a weak argument to rebut DSHS's non-discriminatory

12   reasons for the six comparator's wages.  *Id.*  Accordingly, the court dismissed all claims

13   except for Plaintiff's retaliation claim.  *Id.*

14        On November 22, 2014, Plaintiff filed a notice of appeal of the court's ruling on

15   Defendants' summary judgment motion.  Dkt. 9-3 at 2–4.  DSHS opposed the motion,

16   arguing that an order on summary judgment is not appealable as a matter of right.  Dkt. 9-

17   3 at 6–8.  Plaintiff withdrew that notice of appeal.  Dkt. 8 at 16.

18        On November 27, 2013, the state court incorporated its oral ruling into a written

19   order on summary judgment, and dismissed Plaintiff's claims of disparate impact

20   discrimination, hostile work environment, and disparate treatment discrimination.  Dkt.

21   9-3 at 27–30.  At that point, Plaintiff's retaliation claim was the sole remaining claim and

22   the bench trial was set to commence in five days.  *Id.*; Dkt. 9-3 at 10–11.  That same day

1  Plaintiff filed a voluntary non-suit with regard to the retaliation claim.  *Id.* at 32–34.  The

2  court dismissed the remaining claim accordingly, but did not state whether the dismissal

3  was with or without prejudice.  *Id.*  Plaintiff also amended his notice of appeal that day.

4  Dkt. 9-3 at 36–38.  On January 10, 2014, the state court entered judgment in favor of

5  Defendants and dismissed Plaintiff's remaining claims with prejudice.  Dkt. 9-3 at 40–42.

6  **B.     Federal Case**

7          On November 27, 2013, the day Plaintiff filed an amended notice of appeal in

8  state court, he filed the complaint in this Court against Defendants.  Dkt. 1 at 10–13; Dkt.

9  9-1 at 11–14.  The complaint alleges violations of 42 U.S.C. § 1983, RCW 49.60.210,

10  RCW 49.50, *et seq.*[1], as well as breach of contract and negligent infliction of emotional

11  distress.  *Id.*  These claims generally arise out of the same facts underlying the state court

12  action.  *Compare* Dkt. 1 *with* Dkt. 9-2 at 2–26 (excluding the inclusion of four sentences

13  on the state court proceeding and the deletion of three other sentences, Plaintiff's federal

14  complaint statement of facts is identical to facts in his state court summary judgment

15  brief).

16          On March 13, 2014, Defendants filed the motion to dismiss, arguing that the state

17  court proceeding bars this case under alternative theories of *res judicata*, collateral

18  estoppel, Fed. R. Civ. P. 12(b)(6), and the Eleventh Amendment.  Dkt. 8 at 9.  On March

19  31, 2014, Plaintiff responded.   Dkt. 11.  On April 4, 2014, Defendants replied.  Dkt. 13.

20

21  _____

22          [1] Because no RCW Chapter 49.50 exists, the Court construes this as an error meant to read RCW 49.52, *et seq.*

## II. DISCUSSION

In this case, Defendants move to dismiss Plaintiff's complaint for numerous reasons.  The Court concludes that (1) *res judicata* bars the majority of Plaintiff's claims, (2) Plaintiff concedes that claims against Defendants in their official capacities may be dismissed (Dkt. 11 at 7), (3) Plaintiff has failed to properly plead claims against Defendants Arnold-Williams and Mashburn, and (4) Plaintiff has failed to properly plead a claim for violation of his Fourteenth Amendment due process right.  Plaintiff, however, shall be given an opportunity for leave to amend his complaint as to the claims that are improperly plead.

**A.    *Res Judicata*[2]**

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 2001); *Kelly–Hansen v. Kelly–Hansen*, 87 Wn. App. 320, 328–29 (1997).  The purpose of this doctrine is to encourage respect for judicial determinations by ensuring finality and to conserve judicial resources by discouraging parties from relitigating their claims time and again. *Pederson v. Potter,* 103 Wn. App. 62, 71 (2000).

To determine the preclusive effect of a state court judgment, a federal court must look to state law. *Intri-Plex Techs. Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir.

---

[2] The fact that the case is on appeal is irrelevant for purposes of determining whether *res judicata* applies. *See Nielson v. Spanaway Med. Clinic, Inc.*, 135 Wn.2d 255, 264 (1998) (en banc) ("an appeal does not suspend or negate the res judicata or collateral estoppel aspects of a judgment entered after trial in the superior courts").

1    2007). "Under 28 U.S.C. § 1738, federal courts must give 'full faith and credit' to

2    judgments of state courts. Section 1738 does not allow federal courts to employ their own

3    preclusion rules in determining the preclusive effect of state judgments." *Noel v. Hall*,

4    341 F.3d 1148, 1166 (9th Cir. 2003) (internal quotation marks omitted).  Rather, it

5    "commands a federal court to accept the rules chosen by the State from which the

6    judgment is taken." *Id.*

7          Under Washington law, dismissal on the basis of *res judicata* bars a subsequent

8    action when a prior judgment is identical in four respects with a subsequent action: "(1)

9    subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the

10   persons for or against whom the claim is made." *Rains v. State,* 100 Wn.2d 660, 663

11   (1983) (en banc).  In addition, the prior judgment must be a "final judgment on the

12   merits," which can be a full trial or summary judgment.  *Ensley v. Pitcher*, 152 Wn. App.

13   891, 899 (2009).  The party asserting the defense of *res judicata* bears the burden of

14   proof.  *Id.* at 902.

15         In this case, Plaintiff argues that *res judicata* should only bar the identical claims

16   that were dismissed by the state court.  Essentially, Plaintiff argues that, because his state

17   law retaliation claim survived summary judgment, he is allowed to refile that claim in

18   federal court along with "new state and federal claims that have never previously been

19   examined."  Dkt. 11 at 4.  This is not the law, and Plaintiff fails to recognize that *res*

20   *judicata* bars claims that "*could have been* raised in the prior action."  *Kelly–Hansen*, 87

21   Wn. App. at 328–29 (1997).   The Washington Supreme Court has said on numerous

22   occasions that the doctrine of *res judicata*

applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, *exercising reasonable diligence*, might have brought forward at that time.

*Id*. at 329 (collecting cases). It is undisputed that Plaintiff, represented by seasoned attorneys, could have exercised reasonable diligence and brought forward every claim in the present case in the prior litigation. Moreover, these claims properly belonged in that prior litigation because the two complaints contain almost identical statements of fact. Therefore, unless this is a special case, *res judicata* bars all claims and subject matter that reached final judgment in state court.

In his response, Plaintiff fails to address the issue of how his case could be considered special. In general, the Court has presided over numerous cases in which a plaintiff alleging discrimination has originally filed in state court and fought to return to state court after the case was removed to federal court. This includes cases in which the plaintiff voluntarily dismissed his or her federal claims on the eve of trial. Thus, Plaintiff's case appears to be a current common litigation strategy, and the undersigned will not establish a precedent wherein a plaintiff is allowed a second bite of the apple in federal court after narrowly slipping by summary judgment in state court *on the same facts*. As to the specific facts of Plaintiff's case, Plaintiff claims he has pursued the current strategy because "he did not believe that he was going to get a fair trial in state court . . . ." Dkt. 11 at 2. This is not sufficient justification to overcome the doctrine of *res judicata* as to claims that, with reasonable diligence, could have been brought in the

1   original action.  Therefore, the Court concludes that *res judicata* bars claims relating to

2   any subject matter that reached finality in the state court.

3       On the issue of finality, it is undisputed that the issue of retaliation survived

4   summary judgment and required a factfinder to determine material questions of fact.

5   Although retaliation under § 1983 involves different legal tests than state law retaliation,

6   the Court concludes that *res judicata* does not bar Plaintiff's federal retaliation claim.

7   The remainder of Plaintiff's claims, however, are barred by *res judicata*.  Therefore, the

8   Court grants Defendants' motion as to Plaintiff's § 1983 discrimination claims,

9   wrongfully withheld wage claims, breach of contract claim, and his negligent infliction of

10  emotional distress claim.

11  **B.      12(b)(6) Dismissal**

12      Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

13  Procedure may be based on either the lack of a cognizable legal theory or the absence of

14  sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d

15  696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is

16  construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir.

17  1983).  To survive a motion to dismiss, the complaint does not require detailed factual

18  allegations but must provide the grounds for entitlement to relief and not merely a

19  "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

20  *Twombly,* 550 U.S. 544, 555 (2007).  Plaintiffs must allege "enough facts to state a claim

21  to relief that is plausible on its face." *Id.* at 1974.  In the event the court finds that

22  dismissal is warranted, the court should grant the plaintiff leave to amend unless

1   amendment would be futile.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

2   1052 (9th Cir. 2003).

3       **1.     Defendants Arnold-Williams and Mashburn**

4       "In order for a person acting under color of state law to be liable under section

5   1983 there must be a showing of personal participation in the alleged rights deprivation:

6   there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d

7   930, 934 (9th Cir. 2002).  On this issue, a plaintiff must assert "more than an unadorned,

8   the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

9   (2009) (citing *Twombly*, 550 U.S. at 555).

10      In this case, Plaintiff has failed to properly allege any claim against Defendants

11  Arnold-Williams or Mashburn.  Plaintiff's allegations are merely unadorned conclusions

12  that these Defendants somehow harmed him, and the complaint lacks any allegations of

13  personal participation.  Plaintiff even failed to address Defendants' motion on this issue.

14  Therefore, the Court grants Defendants' motion as to these Defendants.

15      **2.     Section 1983 Retaliation**

16      Plaintiff's § 1983 retaliation claim is based on alleged violations of the First,

17  Fourth, Fifth, and/or Fourteenth Amendments.[3]  Dkt. 1, ¶ 27.  With regard to the Fourth

18  and Fifth Amendment, Plaintiff fails to address Defendants' motion, which the Court may

19  construe as an admission that Defendants' motion has merit.  Local Rule CR 7(b)(2).  In

20  ─────────────────

21      [3] With regard to the First Amendment, Defendants concede that Plaintiff has
    adequately pled this claim against Defendant Krueger.  Dkt. 13 at 12.  Therefore, this is
22  not an issue before the Court.

1    any event, Plaintiff fails to allege any facts that Defendants violated any right protected

2    by the Fourth or Fifth Amendment.  Therefore, the Court grants Defendants' motion as to

3    these claims and also concludes that any amendment to these claims would be futile.

4        With regard to the Fourteenth Amendment, Plaintiff has failed to adequately plead

5    a claim for relief.  The Court agrees with Defendants that Plaintiff must allege a

6    deprivation of a substantive right in order to maintain his cause of action because the

7    mere failure to follow a procedural rule does not violate a constitutional right.  Therefore,

8    the Court grants Defendants' motion on this issue.

9        **3.    Leave to Amend**

10       At this point, the Court is unable to conclude that any amendment to include

11   allegations of retaliation by Defendants Arnold-Williams or Mashburn or to establish a

12   claim under the Fourteenth Amendment would be futile.  Therefore, the Court grants

13   Plaintiff leave to amend these, and only these, claims.  Moreover, under the due process

14   claim, Plaintiff must properly identify a contract of employment, if one exists, and/or

15   identify why/how he is entitled to a salary raise.  Failure to do so may result in dismissal

16   of this claim with prejudice upon proper motion.

17                           **III. ORDER**

18       Therefore, it is hereby **ORDERED** that Defendants' Motion to Dismiss (Dkt. 8) is

19   **GRANTED in part** and **DENIED in part**, as follows**:**

20       **1.**    To the extent Plaintiff's claims are alleged against Defendants in their

21   official capacities, they are **DISMISSED with prejudice**.

22

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 10

1     **2.**     To the extent Plaintiff alleges any claim not based on the subject matter of

2 retaliation, those claim are **DISMISSED with prejudice** under the doctrine of *res*

3 *judicata*.

4     **3.**     Plaintiff's 42 U.S.C. § 1983 claim based on workplace retaliation under the

5 First Amendment against Defendants Arnold-Williams or Mashburn and under the

6 Fourteenth Amendment against all Defendants are **DISMISSED without prejudice** and

7 **with leave to amend**.

8     **4.**     Plaintiff shall file an Amended Complaint, consistent with this order, by

9 June 10, 2014.

10     Dated this 27th day of May, 2014.

11

12

BENJAMIN H. SETTLE

13 United States District Judge

14

15

16

17

18

19

20

21

22