1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN C. SIMMONS,

               Plaintiff,

     v.

STATE OF WASHINGTON and KEVIN
KRUEGER,

               Defendants.

CASE NO. C13-6023 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

This matter comes before the Court on Defendants State of Washington ("State")

and Kevin Krueger's ("Krueger") (collectively "Defendants") motion to dismiss (Dkt.

19). The Court has considered the pleadings filed in support of and in opposition to the

motion and the remainder of the file and hereby grants the motion for the reasons stated

herein.

## I. PROCEDURAL HISTORY

On November 27, 2013, Plaintiff Stephen Simmons ("Simmons") filed a

complaint against original Defendants Robin Arnold-Williams, Kevin Krueger, and Stan

Mashburn alleging violations of 42 U.S.C. § 1983, RCW 49.60.210, RCW 49.50, *et seq.*, as well as breach of contract and negligent infliction of emotional distress.  *Id.*  These claims generally arise out of the same facts Simmons alleged in a prior state court action. *Compare* Dkt. 1 *with* Dkt. 9-2 at 2–26 (excluding the inclusion of four sentences on the state court proceeding and the deletion of three other sentences, Simmons's federal complaint statement of facts is identical to facts in his state court summary judgment brief).

On March 13, 2014, Defendants filed a motion to dismiss, arguing that the state court proceeding bars this case under alternative theories of *res judicata*, collateral estoppel, Fed. R. Civ. P. 12(b)(6), and the Eleventh Amendment.  Dkt. 8 at 9.  On May 27, 2014, the Court granted the motion in part and denied it in part and granted Simmons leave to amend to file an amended complaint consistent with the order.  Dkt. 16.

On June 10, 2014, Simmons filed an amended complaint adding the State of Washington as a defendant and asserting (1) a violation of his constitutional rights; (2) a violation of RCW 49.60.210, and (3) a violation of RCW Chapter 49.52.  Dkt. 17.

On June 24, 2014, Defendants filed a motion to dismiss.  Dkt. 19.  On July 14, 2014, Simmons responded.  Dkt. 20.  On July 18, 2014, Defendants replied.  Dkt. 23.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is

1   construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir.

2   1983). To survive a motion to dismiss, the complaint does not require detailed factual

3   allegations but must provide the grounds for entitlement to relief and not merely a

4   "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

5   *Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim

6   to relief that is plausible on its face." *Id.* at 1974. In the event the court finds that

7   dismissal is warranted, the court should grant the plaintiff leave to amend unless

8   amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

9   1052 (9th Cir. 2003).

10          In this case, Defendants request that the Court dismiss the State and Simmons's

11   wage claim. Dkt. 19. With regard to the State, Simmons has failed to ask for leave to

12   amend to add this defendant and has failed to show that claims against the State are not

13   barred by the Eleventh Amendment. Therefore, the Court grants Defendants' motion and

14   the State is dismissed with prejudice.

15          With regard to Simmons's wage claim, Defendants argue that the Court's previous

16   order dismissed this claim with prejudice. Simmons argues that the Court's order was

17   less than clear on this issue. In the previous order, the Court dismissed all claims that

18   were not based on the subject matter of retaliation because those claims could have been

19   brought in the previous state court action. Dkt. 16. It is undisputed that Simmons's wage

20   claim could have been brought in the previous action. Thus, the issue is whether it is

21   based on retaliation. Simmons argues that, under RCW 49.52.070, he is entitled to

22   exemplary damages if he proves that his wages were withheld due to retaliation. Dkt. 20

1  at 4–5.  While the allegations of retaliation may have some relevance to damages, the

2  allegations have no relevance to the merits of the underlying claim itself, which could

3  have been brought in the previous action.  Therefore, the Court grants Defendants'

4  motion and dismisses Simmons's wage claim with prejudice.

### III. ORDER

6      Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 19) is

7  **GRANTED** and (1) the State is **DISMISSED with prejudice** and (2) Simmons's wage

8  claim for a violation of RCW Chapter 49.52 is **DISMISSED with prejudice**.

9      Dated this 2nd day of September, 2014.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4