UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN C. SIMMONS,<br><br>              Plaintiff,<br><br>v.<br><br>KEVIN KRUEGER,<br><br>              Defendant. | CASE NO. C13-6023 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Kevin Krueger's ("Krueger") motion for summary judgment (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 10, 2014, Plaintiff Stephen Simmons ("Simmons") filed an amended complaint against Kevin Krueger and the State of Washington. Dkt. 17. On September 2, 2014, the Court granted the State of Washington's motion to dismiss. Dkt. 24.

On October 16, 2014, Krueger filed a motion for summary judgment. Dkt. 26. On November 3, 2014, Simmons responded. Dkt. 28. On November 11, 2014, Krueger replied. Dkt. 32.

ORDER - 1

## II. FACTUAL BACKGROUND

This case stems from Simmons's allegations of retaliation by his former supervisor, Krueger. With regard to the present motion, Simmons declares that Krueger failed to provide performance reviews for the years 2009 and 2010; Krueger has failed to produce Simmons's 2008 review, which recommended a 3% raise; and that Krueger is responsible for the stripping of Simmons's job responsibilities in 2012 and an intimidating letter sent in November 2012. Dkt. 30, Declaration of Stephen Simmons; Dkt. 28 at 2–9.

## III. DISCUSSION

In this case, Krueger moves the Court to enter judgment in his favor on Simmons's claim for retaliation under the Washington Law Against Discrimination, RCW Chapter 49.60 ("WLAD"), and his claim for violation of Simmons's First Amendment rights. Dkt. 26.

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.   Statute of Limitations**

Washington's three-year statute of limitations applies to claims for retaliation under both the WLAD and § 1983.  RCW 4.16.080(2); *Washington v. Boeing Co.*, 105 Wn. App. 1, 7–8 (2000) (WLAD); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,

1058 (9th Cir. 2002) (§ 1983).  It is undisputed that the statute bars claims for any act before September 28, 2010.  Dkt. 28 at 16.

     In this case, Simmons argues that his claims are not barred by the statute of limitations.  First, Simmons argues that the Court should apply the continuing violations doctrine.  Dkt. 28 at 15–18.  This doctrine, however, is only applicable to hostile work environment claims because such claims are "composed of a series of separate acts that collectively constitute one unlawful employment practice . . . ."  *Loeffelholz v. University of Washington*, 162 Wn. App. 360, 367 (2011), *aff'd in part, rev'd in part on other grounds*, 175 Wn. 2d 264 (2012).  In fact, the Supreme Court has specifically distinguished discrete acts that form the basis of retaliation claims from continuing practices that form the basis of hostile work environment claims.  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–117 (2002) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "'unlawful employment practice.'").  Therefore, the Court declines to apply the continuing violations doctrine to Simmons's retaliation claims and Simmons must allege a discrete act of discrimination within the appropriate period.

     Second, Simmons asserts that Krueger's failure to provide annual performance reviews for 2009 and 2010 are discrete omissions that occurred after September 28, 2010.  Dkt. 28 at 16–18.  But Simmons provides no evidence that Krueger had an affirmative obligation to provide a review between the statutory bar date of September 28, 2010 and the date Simmons was reassigned away from Krueger on October 12, 2010.  If Krueger was required to provide a review on a date within those two weeks and refused to do so,

then Simmons may be able to show that he suffered an adverse employment action within the relevant time frame. Simmons, however, may not turn a failure to perform a general yearly obligation into an adverse act on a specific date that is convenient for litigation purposes. Therefore, the Court grants Krueger's motion that Simmons's claims based on actions occurring before September 28, 2010 and the failure to provide performance reviews are barred by the statute of limitations.

**C.   WLAD Retaliation**

"An actionable adverse employment action must involve a change in employment conditions that is more than an 'inconvenience or alteration of job responsibilities,' such as reducing an employee's workload and pay." *Tyner v. State*, 137 Wn. App. 545, 564–65 (2007) (quoting *Kirby v. City of Tacoma*, 124 Wn. App. 454, 465 (2004)).

In this case, Simmons asserts three acts of retaliation that occurred after the statutory bar. First, Simmons argues that the destruction of his 2008 performance review is a discrete act of retaliation that presumptively occurred during the course of litigation. Dkt. 28 at 19–21. Simmons, however, fails to show that the alleged destruction of the review is an adverse employment action that involved a change in employment conditions. Krueger does not dispute that it existed or the contents of the review and the recommended pay raise. While such failure to produce the review may establish an inference to support Simmons's allegations of discrimination, it does not establish an independent act of retaliation by Krueger. Therefore, the alleged failure to produce requested discovery is not an actionable retaliatory employment action.

1    Second, Simmons argues that he was "stripped" of his normal job responsibilities
2 on April 26, 2014.  Simmons, however, has failed to produce any evidence that Krueger
3 was responsible in any way for this action.  In fact, Simmons asserts that he was
4 transferred away from Krueger in 2010.  Simmons has failed to show that this is an act of
5 retaliation or that Krueger was individually responsible for the adverse action.

6    Third, Simmons contends that the lawyers representing Krueger sent an
7 intimidating letter on November 12, 2014.  Simmons fails to show that the letter resulted
8 in the alteration of the conditions of his employment.  Even if it did, Simmons fails to
9 show that Krueger is individually responsible for the letter.  Therefore, the Court grants
10 Krueger's motion on Simmons's WLAD retaliation claim.

11 **D.    42 U.S.C. § 1983**

12    Section 1983 is a procedural device for enforcing constitutional provisions and
13 federal statutes; the section does not create or afford substantive rights.  *Crumpton v.*
14 *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In order to state a claim under section 1983,
15 a plaintiff must demonstrate that (l) the conduct complained of was committed by a
16 person acting under color of state law and that (2) the conduct deprived a person of a
17 right, privilege, or immunity secured by the Constitution or by the laws of the United
18 States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by*
19 *Daniels v. Williams*, 474 U.S. 327 (1986).

20    In this case, Simmons argues that Krueger violated Simmons's First Amendment
21 right to engage in protected speech.  Simmons's speech is protected only if he spoke "as a
22 citizen upon matters of public concern" rather than "as an employee upon matters only of

personal interest." *Roe v. City of San Diego*, 356 F.3d 1108, 1112 (9th Cir. 2004). "Speech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern.'" *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (quoting *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983)). The trial court, not the jury, determines, as a matter of law, whether the speech at issue involves an issue of public concern. *Rankin v. McPherson*, 483 U.S. 378, 386 n. 9 (1987).

Simmons fails to show that his speech was a matter of public concern. Other than citing a fair amount of cases wherein the courts determined that the speech was of public concern, Simmons fails to provide a single instance of speech that would be considered outside an individual personnel dispute. Dkt. 28 at 12–14. Failing to make an adequate showing on an essential element of his claim is fatal to Simmons's case. Therefore, the Court grants Krueger's motion on Simmons's § 1983 claim.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Krueger's motion for summary judgment (Dkt. 26) is **GRANTED**. The Clerk shall enter judgment in favor of Defendant.

Dated this 23rd day of December, 2014.

BENJAMIN H. SETTLE
United States District Judge